NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIAM DONOVAN, | : | Civil No. 05-1764 (DRD) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| TOWNSHIP OF MILLBURN, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

    WILLIAM DONOVAN, Plaintiff Pro Se
    29-10 137th Street
    Flushing, New York  11354

**DEBEVOISE**, Senior District Judge

    Plaintiff William Donovan seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  Based on Plaintiff's affidavit of poverty, this Court grants Plaintiff's application to proceed in forma pauperis and directs the Clerk to file the Complaint.  Having thoroughly reviewed Plaintiff's allegations, the Court finds that the Complaint, as written, fails to state a federal claim upon which relief may be granted.  The Court grants Plaintiff 45 days leave to file an amended complaint.  If an amended complaint is not filed within 45 days, then without further notice, the Court will enter an order dismissing the Complaint in its entirety for failure to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2).

---

[1] Plaintiff brought the action in the United States District Court for the Southern District of New York.  Chief Judge Michael B. Mukasey transferred the action to this Court pursuant to 28 U.S.C. §§ 1391(b), 1406(a).

## I.  BACKGROUND

Plaintiff asserts violations of his constitutional rights against the Township of Millburn, New Jersey, and the Millburn Police Department.  He alleges the following facts which the Court views as true for the purpose of this review.  Plaintiff asserts that unnamed Millburn police officers falsely arrested him based on his wife's lies.  He states that the charges were dismissed the third time he appeared in court.  He alleges that, although his wife committed various crimes, the Millburn Police Department would not arrest her or charge her.  He asserts that police officers colluded with his wife to violate his rights and tamper with his business and tax forms.  Plaintiff seeks damages for violation of his rights.

## II.  LEGAL STANDARD

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2)(B).  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a

2

complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  As the Supreme Court stated in Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986),

> it is appropriate to restate certain basic principles that limit the power of every federal court.  Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.

Id. at 541.

Article III of the Constitution provides:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2.

The essential facts establishing federal jurisdiction must appear on the face of the complaint.  See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182, 189 (1936).  The plaintiff "who claims that the power of the court should be exerted in his behalf . . .

must carry throughout the litigation the burden of showing that he is properly in court." Id. at 189. Moreover, lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. Bender, 475 U.S. at 541; Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331. Specifically, 42 U.S.C. § 1983 authorizes a person to seek redress for a violation of his or her federal rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.[2] See West v. Atkins,

---

[2] "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" American Manufacturers Mutual Ins. Co. v. Sullivan, 119 S. Ct. 977, 985 (1999) (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)). State action exists where the conduct allegedly causing the deprivation of a federal right is "fairly attributable to the State." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982). Plaintiff should note, however, that a private person's false statement to the police is not, without more, state action under § 1983. See Briscoe v. LaHue, 460 U.S. 325, 329-330 (1983); Adickes v. S.H. Kress & Co., 398 U.S. at 152; Cruz v. Donnelly, 727 F.2d 79, 82 (3d Cir. 1989).

487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

"When evaluating a claim brought under § 1983, [a court] must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all." Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)). If so, the court determines whether the defendant can be held liable for that violation. Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000).

The Court liberally construes the instant Complaint as seeking damages for arrest without probable cause in violation of the Fourth Amendment, applicable to States through the Fourteenth Amendment, and 42 U.S.C. § 1983.[3] The Fourth Amendment provides in relevant part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. Const. amend IV. The Fourth Amendment prohibits a police officer from seizing a citizen except upon probable cause.[4] See Albright v. Oliver, 510 U.S. 266, 274-75

---

[3] To the extent that Plaintiff seeks to assert a claim based on the failure of the Millburn Township police to arrest Plaintiff's wife, the claim is without merit. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Leeke v. Timmerman, 454 U.S. 83, 86 (1981) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)).

[4] A seizure occurs "when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." Terry v. Ohio, 392 U.S. 1, 19, n.16 (1968).

5

(1994); Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995). As the Third Circuit observed,

> Whether [an] arrest [is] constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it--whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.

United States v. Kithcart, 134 F.3d 529, 531 (3d Cir. 1998) (quoting Beck, 379 U.S. at 91); see also Mosley v. Wilson, 102 F.3d 85, 94-5 (3d Cir. 1996).

Plaintiff asserts the following facts in regard to his arrest:

> False arrest in 2003 - based on planned lies by wife (caught on audio tape) charges thrown out on motion. Even my justice was tampered with up until 3rd time in court only was I allowed to speak. Then she was told about her mountain of lies.

(Compl ¶ 1.)

The Complaint, as written, does not set forth facts sufficient to assert a claim under § 1983 for an arrest in violation of the Fourth Amendment. If his wife's false statements to the police provided "reasonably trustworthy information . . . sufficient to warrant a prudent man in believing that [Plaintiff] had committed or was committing an offense," then the arrest did not violate the Fourth Amendment, even though a judge later dismissed the charges.[5] On the other hand, if the wife's statements to police did not provide probable cause, then Plaintiff may be able to establish a Fourth Amendment claim under § 1983.

---

[5] "The proper inquiry in a section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." Groman v. Township of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995) (citation omitted).

Moreover, Plaintiff does not name the individual police officers as defendants but names only the Township of Millburn and the Millburn Police Department. Since the Millburn Police Department is not an entity subject to suit under § 1983 separate from the Township itself, the Court construes the Township of Millburn as the sole Defendant. However, a local government entity "cannot be held liable solely because it employs a tortfeasor." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691 (1978). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."[6] Monell, 436 U.S. at 694.

In this case, nothing alleged in the Complaint supports an inference that the alleged arrest resulted from the execution of a policy or custom of the Township of Millburn. Because the facts set forth in the Complaint do not state a cognizable federal claim against the Township, the Complaint, as written, fails to state a federal claim upon which relief may be granted. Nevertheless, it is conceivable that Plaintiff may be able to state a cognizable Fourth Amendment claim against the Township or certain individuals by amending his Complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002) (unless amendment would be futile, district court may not dismiss complaint without permitting amendment). The Court will therefore grant Plaintiff 45 days from the date of the entry of the Order accompanying this

---

[6] "Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)).

Opinion to file an amended complaint.[7]  If an amended complaint is not filed within this time period, then without further notice the Court will dismiss the action for failure to state a claim upon which relief may be granted.

### IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and grants Plaintiff 45 days leave to file an amended complaint.  If no amended complaint is filed within 45 days of the date of the entry of the Order accompanying this Opinion, then the Court will enter an order dismissing the Complaint without further notice.

     /s/Dickinson R. Debevoise  
     DICKINSON R. DEBEVOISE, U.S.D.J.

Dated:   August 8, 2005

---

[7] Plaintiff should note that once an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint].  6 Wright, Miller & Kane, Federal Practice and Procedure:  Civil 2d § 1476 (1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.